In re:  Case No. 19-43760

VIJEY R. SERI, and  Chapter 11
SRILAXMI SERI,

                       Debtors.  Judge Thomas J. Tucker

_____/

**ORDER REQUIRING THE DEBTORS TO AMEND DISCLOSURE STATEMENT**

On July 15, 2019, the Debtors filed a plan and disclosure statement, in a document entitled "Debtors' Combined Chapter 11 Plan of Reorganization and Disclosure Statement" (Docket # 57). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document ("Disclosure Statement"). The Court notes the following problems, which Debtor must correct.

First, in section 2.3 of the Plan on page 11, and in section IV.D of the Disclosure Statement on page 10, and possibly elsewhere, the Debtors refer to pre-petition priority tax claims as "Administrative Claims." That is inaccurate. Pre-petition tax claims that have priority under 11 U.S.C. § 507(a)(8) are not administrative claims under 11 U.S.C. § 507(a)(2). The Debtors must label, group, and treat § 507(a)(8) priority tax claims separately from any post-petition tax claims that are administrative claims under § 507(a)(2).[1]

Second, in section 4.1 of the Plan on pages 12 through 13, the Debtors treat the Allowed Continuing Secured Claims of PNC Bank, National Association, and Eurpaka Y. Reddy together in Class I. The Debtors must amend the Plan so that the claim of each of these secured creditors

---

[1] Debtors are correct, however, in not placing the § 507(a)(8) priority tax claims in a class. *See* 11 U.S.C. § 1123 (a)(1).

is treated in a separate class.  And for each secured creditor, the Debtors must state the amount of the claim without regard to the value of the collateral; the property securing the claim (if real estate, the full address, including city and state); the fair market value of the property securing the claim; and whether any portion of the claim is unsecured.  If more than one secured creditor has a lien on the same property, the Debtors must state the priority of each secured creditor (*e.g.*, which creditor has a first priority lien and which creditor has a second priority lien).  With regard to the claim of Eurpaka Y. Reddy, the Debtors must state the basis for this claim.  Some of this information might be gleaned from the Liquidation Analysis on pages 8 through 9 of the Disclosure Statement, but it must be stated explicitly in the Plan.

Third, in section 4.1(b) of the Plan on page 13, the Debtors state payment amounts to be made to PNC Bank on the two mortgage debts, but do not state whether these payments are per month (as they appear to be).  The Debtors must state this clearly.

Fourth, in section 4.3 of the Plan on pages 13 through 14, the Debtors treat the claim of Union Bank in Class III.  The Debtors must state, regarding this claim, that the claim is based on a judgment lien in the amount of $2,845,799.37; and the Debtors must state the fair market value of the property that is currently subject to the judgment lien (*i.e.*, assuming the lien is not avoided); and must state the priority of this creditor's claim with regard to the other creditors who also have a lien on the property subject to the judgment lien.

Fifth, in sections 4.3(b) and 4.4(b) of the Plan on page 14, the Debtors propose to make "[c]ash payments in varying monthly installments over five years . . ." on the claims in Classes III and IV.  The amount of such "varying monthly" payments might be gleaned from the Debtors' 60-month projections that begin on page 14 of the Disclosure Statement.  But they must be stated

explicitly here in the Plan.

Sixth, in section 5.1(b) of the Plan on page 14, the Debtors state:

> If no holders of Claims or Interests eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such Claims or Interests in such Class.

This is an incorrect statement of the law, and must be deleted. (It is also inconsistent with what the Debtors state in section VI.B of the Disclosure Statement, at page 22.)

Seventh, because the Debtors will be filing an amended plan and disclosure statement, the Debtors must update the date that is currently stated as "July 15, 2019" in section 10.1(b) of the Plan, on page 19.

Eighth, on pages 3 and 4 of the Disclosure Statement, the Debtors incorrectly state in at least two places that the Restructuring Agreement was dated October 14, **2019,** rather than October 14, **2009**. The Debtors must correct this.

Ninth, in section II.C of the Disclosure Statement on page 2, the Debtors state:

> The Debtors are not on the company's payroll; they take draws from the company in order to pay for their reasonable household living expenses necessary to support themselves and their three dependents. The amount of the draws per month can vary, depending on the particular reasonable and necessary needs of the family in any given month. The amount of their draws is also affected by fluctuations in the business' income and expenses. Prior to filing the Bankruptcy case, the Debtors often paid for personal expenses out of their business checking account, which the Debtors considered to be their 'draws.'

The Debtors must state the amount of annual draws they took for the three years prior to filing the bankruptcy petition. The Debtors also must state whether they received any fringe benefits prepetition, and if so, how much and for what benefits. The Debtors also must state whether, in

3

addition to the $19,146.00 per month draws that they intend to take post-petition, they intend to receive any fringe benefits, and if so, what benefits.

Tenth, in section V.A of the Disclosure Statement, which begins on page 10, the Debtors must provide financial information for 2018.

Eleventh, the Debtors state, in subsection 1 on page 12 of the Disclosure Statement, that "the Debtors' lease agreement . . . will be paid in full effective December 1, **2010**." The Debtors must change "2010" to "2020."

Twelfth, the Debtors must delete the number "4" in section VI.A on page 22 of the Disclosure Statement.

Accordingly,

IT IS ORDERED that no later than **July 24, 2019,** the Debtors must file an amended combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that also no later than **July 24**, **2019,** the Debtors must file a redlined version of the amended combined plan and disclosure statement, showing the changes the Debtors have made to "Debtors' Combined Chapter 11 Plan of Reorganization and Disclosure Statement" filed July 15, 2019.

**Signed on July 19, 2019**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge