UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:   Case No. 19-43760

VIJEY R. SERI, and   Chapter 11
SRILAXMI SERI,
   Judge Thomas J. Tucker
       Debtors.
_____/

**ORDER REQUIRING THE DEBTORS TO AMEND DISCLOSURE STATEMENT**

On July 24, 2019, the Debtors filed a plan and disclosure statement, in a document entitled "Debtors' Amended Combined Chapter 11 Plan of Reorganization and Disclosure Statement" (Docket # 63). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document ("Disclosure Statement"). The Court notes the following problems, which the Debtors must correct.

First, in section 2.3 of the Plan on page 11, and in sections IV.D and IV.F of the Disclosure Statement on page 11, and possibly elsewhere, the Debtors refer to and treat pre-petition priority tax claims and pre-petition, non-priority, unsecured tax claims as "Administrative Claims." That is inaccurate. For example, the Debtors state, in section 2.3 of the Plan on page 11:

> Debtors anticipate the approximate amount of all Allowed Administrative Expense tax Claims to be $94,170.47, pursuant to Claims previously filed, however subject to possible further amendment, which consist of a Claim owing to the IRS for past due income tax liability for tax years 2016, 2017, and 2018; Claims owing to the SOM for Michigan Sales Tax and Michigan Withholding Tax for tax years 2016, 2017, and 2018; and for personal income tax owing for tax years 2016, 2017, and 2018. These tax Claims are not subject to 507(a)(8) as Priorities, because they have not been assessed within 240 days before the date of the filing of the petition, or, they are not for a tax on or measured by

income or gross receipts, such as sales withholding tax.

All of the tax years listed in this passage, for which the Debtors owe taxes, are pre-petition. Such pre-petition tax claims are not administrative claims under 11 U.S.C. § 507(a)(2). Only claims for taxes incurred **post-petition** can qualify as administrative claims.

Unsecured claims for **pre-petition** taxes are either priority tax claims, to be treated in a separate group under 11 U.S.C. § 507(a)(8), or non-priority unsecured claims to be treated in a class. It appears, from the description of the taxes contained in the passage in the Plan quoted above, that the Debtors have **priority** tax claims.[1] It also appears, from the proofs of claim filed by the Internal Revenue Service and the Michigan Department of Treasury, that the Debtors have both priority tax claims and non-priority tax claims.[2]

The Debtors must label, group, and treat § 507(a)(8) priority tax claims separately from any post-petition tax claims that are administrative claims under § 507(a)(2).[3] And the Debtors must treat any pre-petition, non-priority tax claims in a class.

The Debtors must also delete the following language from the first sentence of section 2.4 of the Plan on page 11: "Other than the Administrative Expense tax Claims set forth in paragraph 2.3, based upon the scheduled Claims." The Debtors also must amend sections IV.D and IV.F of the Disclosure Statement on page 11 to make these sections consistent with the Plan, as amended.

---

[1] In the passage quoted above, the Debtors appear to contend that none of the tax claims have priority under 11 U.S.C. § 507(a)(8). This seems clearly to be incorrect. But if the Debtors wish to persist in this contention, they must explain the basis for this contention more fully.

[2] *See* Claim Nos. 1-2; 6-1; and 7-1 in the Claims Register.

[3] Debtors are correct, however, in not placing the § 507(a)(8) priority tax claims in a class. *See* 11 U.S.C. § 1123(a)(1).

Second, section 4.3 of the Plan on page 14 treats the allowed secured claim of Erupaka Y. Reddy. The Debtors must modify section 4.3(a) of the Plan by deleting "thus, PNC's second priority lien is fully secured" and stating instead "thus, Erupaka Y. Reddy's third priority lien is fully secured."

Third, the Debtors must update section III.E of the Disclosure Statement on page 8, to take account of the consent judgment that was entered today in Adversary Proceeding No. 19-4206, between the Debtors and Union Bank.

Accordingly,

IT IS ORDERED that no later than **July 30, 2019,** the Debtors must file an amended combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that also no later than **July 30, 2019,** the Debtors must file a redlined version of the amended combined plan and disclosure statement, showing the changes the Debtors have made to "Debtors' Amended Combined Chapter 11 Plan of Reorganization and Disclosure Statement" filed July 24, 2019.

**Signed on July 26, 2019**



/s/ Thomas J. Tucker

**Thomas J. Tucker**
**United States Bankruptcy Judge**